IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE DARRELL CRAYTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-1954-L (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Lee Crayton, a Texas prison, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition as barred by the statute of limitations.

I.

The petition in this case is difficult to decipher. Petitioner refers to a case in the District of Columbia, to the State of Washington, and to cause number F98-70332 from Dallas County, Texas. The Court therefore construes the petition as a challenge to Petitioner's November 17, 1999, Dallas County conviction and life sentence for aggravated sexual assault.

1

*State of Texas v. Lee Darrel Crayton*, No. F98-70332 (Crim. Dist. Ct. No. 1, Dallas County, Tex., Nov. 17, 1999). On October 9, 2001, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Crayton v. State*, No. 05-00-00253-CR (Tex. App. – Dallas 2001, no pet.).

On May 6, 2002, Petitioner filed a state habeas petition. *Ex parte Crayton*, No. 53,909-01. On February 19, 2003, the Court of Appeals denied the petition without written order on the findings of the trial court after a hearing. On July 10, 2003, Petitioner filed a second state habeas petition. *Ex parte Crayton*, No. 53,909-02. On June 29, 2005, the Court of Criminal Appeals dismissed the petition as a subsequent application.

On September 19, 2005, Petitioner filed a motion for DNA testing and motion appointment of counsel in state court. On January 3, 2006, the state court denied the motion. On March 30, 2007, Petitioner filed a second motion for DNA testing and motion appointment of counsel which the court denied on November 9, 2007.

On February 20, 2008, Petitioner filed his first § 2254 petition. *Crayton v. Quarterman*, 3:08-cv-332-L (N.D. Tex.) He later filed two more § 2254 petitions that were consolidated with his first petition. *See Crayton v. Quarterman*, No. 3:10-cv-1813-L (N.D. Tex.) and *Crayton v.*

*Quarterman*, No. 3:10-cv-1907-L (N.D. Tex.). On July 22, 2010, the district court dismissed the petition for failure to exhaust state remedies.

On January 6, 2017, Petitioner filed the instant § 2254 petition in the United States District Court for the Eastern District of Texas. On July 14, 2017, the case was transferred to this Court. On September 15, 2017, Petitioner filed an amended petition, and, on January 29, 2018, he filed his second amended petition. He appears to argue that the judgment in his criminal case is void because he did not have sufficient notice of the nature of the charge, and he was not properly served with the charge.

## II.

### A.   Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

The Fifth District Court of Appeals affirmed Petitioner's conviction and sentence on October 9, 2001. Petitioner did not file a petition for discretionary review. His conviction therefore became final 30 days later on November 8, 2001. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

4

rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 8, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 6, 2002, Petitioner filed a state habeas petition. This petition tolled the limitations period for 290 days, until it was denied on February 19, 2003. When 290 days were added to the limitations period, the new deadline became August 25, 2003.

On July 10, 2003, Petitioner filed a second state habeas petition. *Ex parte Crayton*, No. 53,909-02. This petition tolled the limitations period for 721 days, until it was denied on June 29, 2005. When 721 days were added to the August 26, 2003, deadline, the new deadline became August 15, 2005.

On September 12, 2005, Petitioner filed his first motion for DNA testing and appointment of counsel. A motion for DNA testing is a post-conviction motion that can toll the limitations period. *See Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007). Here, however, Petitioner

filed his motion for DNA testing after the AEDPA limitations period expired. The motion therefore did not toll the limitations period.

Petitioner's deadline for filing his § 2254 petition was August 16, 2005. He did not file his petition until January 6, 2017. His petition is therefore untimely.

## B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner has made no argument that he is entitled to equitable tolling. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed August 15, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).